USDC SCAN INDEX SHEET

















JAH    4/5/04    10:11
3:04-CV-00461   HILL V. HONEY BAKED HAM INC
*11*
*RPLY.*

Harris E. Kershnar
State Bar Number 84613
17592 Irvine Boulevard
Tustin, CA 92780-3105
(714) 730-5300 Facsimile (714) 730-0337

Attorney For Defendants Honey Baked Ham,
Inc. and Stanley Nix

FILED

04 APR -2 AM 8:40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FONTELLA HILL,

        Plaintiff,

  v.

HONEY BAKED HAM, INC., a

California Corporation; STANLEY

NIX, and DOES 1-50, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 04 CV 0461 IEG (JFS)

Reply By Defendants Honey Baked
Ham, Inc. And Stanley Nix In
Support Of Petition To Compel
Arbitration

Date: April 12, 2004
Time: 10:30 a.m.
Ctrm: 13

Preliminary Statement

    Instead of focusing upon the agreement *sub judice*, which is
not substantively unconscionable, Plaintiff makes sweeping
assertions that can not withstand reasoned scrutiny. The agreement
herein provides that the **company alone pays for the arbitrator's
fees in discrimination cases.** Contrary to Plaintiff's claim, the

1

agreement herein does <u>not</u> entitle the employer to unilaterally modify or terminate the arbitration agreement.

Argument

I. Plaintiff Cannot Refute The Fact That Under California Law And Federal Law, Compulsory Arbitration Can Be Required As A Condition Of Employment.

The law is settled that an employer may impose a mandatory arbitration program as a condition of employment. <u>Little v. Auto Stiegler, Inc.</u> (2003) 29 C.4th 1064, 130 CR2d 892 (Arbitration held appropriate (after severing one provision and implying a second provision) despite the adhesive nature of the arbitration agreement. "It is clear in the present case that Auto Stiegler imposed on Little an adhesive arbitration agreement." <u>Little</u> at 898.) Ninth Circuit case law is in accord: <u>EEOC v. Luce Forward</u> (9th Cir. 2003) 345 F.3d 742 (Title VII does not bar mandatory arbitration agreements.) Thus, HBH acted lawfully in instituting a mandatory arbitration program. The short answer to Plaintiff's claim that she had no option but to sign is that the law permits an employer to impose such a condition.

II. Plaintiff's Attempt To Equate The Agreement Sub Judice With The Agreement Struck Down In Mantor Is Comparing Apples And Oranges.

In <u>Circuit City Stores, Inc. v. Mantor</u> (9th Cir. 2003) 335 F.3d 1101 the substantively unconscionable provisions included (i) a one-sided statute of limitations, (ii) a prohibition of class actions and (iii) a reservation by the employer of the unilateral

2

power to modify or terminate the agreement. **None** of those provisions are present in the agreement *sub judice*.

III. The Agreement Sub Judice Expressly Provides That "The Company Alone Will Pay For the Arbitrator's Fees Incurred In Arbitrating Any Statutory Discrimination Or Harassment Claims".

Plaintiff's Opposition is incorrect in asserting that that the facts of the case *sub judice* are identical to the facts of Mantor because both "required arbitration fee splitting". Opposition p.2 line 4. The agreement *sub judice* expressly provides that "**the Company alone will pay for the arbitrator's fees incurred in arbitrating any statutory discrimination or harassment claims..**" Ex. "A" p.1 paragraph 3. The "employer pays" provision in the agreement *sub judice* starkly distinguishes this case from Mantor.

IV. Plaintiff Makes No Claim That She Ever Asked Anyone At HBH To Clarify Or Explain Any Aspect Of The Arbitration Agreement.

Noticeably absent from Plaintiff's Declaration is any statement that she ever asked anyone in HBH management to clarify anything that was allegedly unclear to her in the arbitration agreement. The Declarations of Stan Nix (Plaintiff's supervisor) and Richard Gore (Nix's supervisor) establish that Plaintiff never communicated a lack of understanding of the HBH arbitration agreement to either of them.

The absence of such inquiries by Plaintiff is not surprising. The agreement is clear; it applies to "all claims and disputes" and

it states that arbitration is "final and binding upon the Company and upon the Employee". In other words, this is how all disagreements will be handled and both sides will be bound by the outcome. Plaintiff's present feigned lack of understanding should be disregarded as a self-serving ploy without any basis in fact.

V. Plaintiff Implicitly Admits That She Had Numerous Employees Under Her Supervision Execute At-Will Arbitration Agreements.

Plaintiff claims that she was given numerous At-Will Employment/Arbitration Agreements and she was directed to have the employees she supervised sign the arbitration agreements. Opposition page 2 line 28 – page 3 line 3. Plaintiff implicitly admits that she followed through and had employees under her supervision execute arbitration agreements. That admission wholly undermines her self-serving claims that she didn't understand the arbitration agreements and only signed it under threat of termination. How can Plaintiff possibly square those contentions with her own conduct on numerous occasions? If Plaintiff didn't understand the arbitration agreement, how did she present it to numerous employees for execution by them?

Submitted with this Reply are arbitration agreements signed as recently as June 2003 in which Plaintiff Hill counter-signed the agreement **on behalf of HBH**. (Supp. Ex. Index Exs. "G" & "H".) If Plaintiff did not understand the arbitration agreement, on what basis did she purport to sign it on behalf of HBH? The conclusion

4

is virtually compelled that Plaintiff's feigned ignorance/lack of understanding is simply that, feigned.

VI. The Terms Of The Agreement Do Not Shock The Conscience.

    "Substantive unconscionability focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience.*"  (Kinney v. United Healthcare Services, Inc. (1999) 70 Cal.App.4th 1322, 1330, 83 CR2d 348 and Blake v. Ecker (2001) 93 Cal.App.4th 728.)  It is only when the central purpose of a contract is permeated by illegality that the contract as a whole should not be enforced.  In Armendariz the California Supreme Court explained that this means that unconscionability must pervade the agreement.  To illustrate this point, the Armendariz court cited the example of an employer who knowingly inserted "a deliberately illegal clause into the arbitration agreements it mandates for its employees.."  (Armendariz at 124 fn 13.)  It is the deliberate imposition of illegal terms that is indicative of bad faith.

    In the present case, none of the terms shock the conscience.  The agreement is bilateral and binding on both parties.  It provides that the company alone pays the arbitrator's fees in cases re discrimination or harassment.  There is simply nothing in the substantive provisions of the agreement that shock the conscience.

/

VII. Plaintiff's Reliance Upon The Ingle Decision is Misplaced.

Plaintiff asserts that the decision in _Ingle v. Circuit City_ _Stores, Inc._ (9th Cir. 2003) 328 F.3d 1165 raises a rebuttable presumption of substantive unconscionability unless the employer can demonstrate that the effect of the contract to arbitrate is bilateral. Here, unlike _Ingle_, **the agreement is expressly bilateral.** (The provision in _Ingle_ was limited to "claims by associates".) HBH's agreement expressly provides that it applies to all claims "asserted by the Company against Employee". Moreover, there are no "carve outs" creating any exceptions that favor the employer. Thus, the factual predicate in _Ingle_ is simply not present in the agreement _sub judice_.

Moreover, the agreement struck down in _Ingle_ had substantively unconscionable coverage provisions that, inter alia, (i) altered statutes of limitations, (ii) prohibited class actions, (iii) limited remedies and (iv) gave Circuit City unilateral power to modify or terminate the agreement. Those provisions have <u>no</u> <u>counterparts</u> in the agreement herein. There simply is no valid comparison between the _Ingle_ agreement and the agreement herein.

IX. The Agreement Sub Judice Does Not Reserve Any Unilateral Right To Modify In Favor of The Employer.

Plaintiff asserts, without citation to anything in the text of the arbitration agreement, that "HBH could modify the agreement". Opposition page 8 line 12. Plaintiff's assertion is inaccurate.

6

There is no language in the agreement providing that HBH can unilaterally modify the agreement. To the contrary, modification is discussed in the context of "a writing signed by both parties". (Exhibit "A", 3 lines from the bottom on the first page.)

X. Neither Armendariz Nor Any California Case Has Extended The Employer Pays Rule To Every Type Of Dispute That Can Arise Between An Employer And An Employee.

Armendariz was decided in the context of an FEHA claim. The agreement *sub judice* specifies that the "Company alone" will pay for the "arbitrator's fees in arbitrating any statutory discrimination or harassment claims". Since Plaintiff has asserted such claims, that provision will apply herein.

Plaintiff takes exception to the fact that the agreement provides for a split of the arbitrator's fees for common law claims. Neither Armendariz nor any California case has extended the employer pays rules to all common law claims asserted by an employee against an employer. Cost splitting is not unlawful outside the public policy context. HBH could and did distinguish between public policy claims and other types of claims. In any event, the present case involves statutory discrimination claims. Thus, per the agreement, "the Company alone will pay for the arbitrator's fees" and HBH does not dispute that obligation.

As for the sharing of filing fees, Armendariz et al simply limits the employee's obligation to not more than he would be required to pay in court. It does not guarantee a completely cost-free forum to an employee. If the Court deems it appropriate,

Defendants have no objection to a limiting order specifying that the employee is not responsible for any filing and administrative fees that are in excess of what she would otherwise be responsible for if this case were brought in court. In fact, HBH's most recent version of its arbitration agreement does not include a split filing-fee provision. See Exs. "G" & "H". Moreover, the fact that Plaintiff did not sign and return HBH's most recent arbitration agreement shows that HBH does not fire employees who fail to sign such agreements.

XI. If Necessary, This Court Has The Authority To Sever Or Modify Rather Than Invalidating An Agreement.

Civil Code § 1670.5 ("Section 1670.5") authorizes a court to sever or limit the application of "**any single clause or group of clauses**" that were "unconscionable at the time it [the contract] was made". (Blake *supra* at 433. Emphasis added.) Any perceived deficiencies in the agreement can be cured by a limiting order.

XII. The Merits, Or Lack Thereof, Of Plaintiff's Claims Are Not Being Decided In The Context Of This Motion

Defendants vigorously deny the validity of Plaintiff's claims. The Notice of Removal properly represented to this Court that "Defendants have good and sufficient defenses to this action". Notice Of Removal Paragraph 6. Defendants ask this Court to disregard Plaintiff's claims of alleged mistreatment. When those claims are heard on their merits, Defendants are confident that the

truth will be shown to vary greatly from the unsworn allegations of Plaintiff's Complaint.

## Conclusion

The agreement is *not* permeated by unconscionable provisions. Unlike the provisions struck down in cases such as <u>Ingle</u> and <u>Mantor</u> the HBH arbitration agreement does not limit damages, remedies, class actions or statutes of limitations. No "one-way" provisions are carved out. In short, it is not pervaded by unconscionability and none of its substantive provisions shock the conscience.

The agreement provides that "**the Company alone will pay for the arbitrator's fees**". To the extent that a limiting order is appropriate (that the employee's share of AAA filing fees not exceed that which would be payable in court), the Court is requested to exercise its discretion in favor of the issuance of such an order (rather than invalidating the entire agreement). With or without such an order, arbitration should be compelled forthwith.

Dated:  March *31*, 2004        By:  *H.E. Kershnar*

Harris E. Kershnar
Attorney for Defendants
Honey Baked Ham, Inc. and
Stanley Nix

Harris E. Kershnar
State Bar Number 84613
17592 Irvine Boulevard
Tustin, CA 92780-3105
(714) 730-5300 Facsimile (714) 730-0337

Attorney For Defendants Honey Baked Ham,
Inc. and Stanley Nix

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FONTELLA HILL,<br><br>        Plaintiff,<br><br>  v.<br><br>HONEY BAKED HAM, INC., a<br>California Corporation; STANLEY<br>NIX, and DOES 1-50, inclusive,<br><br>    Defendants. | ) Case No. 04 CV 0461 IEG (JFS)<br>)<br>)<br>) Supplemental Declaration By<br>) Richard Gore In Support Of<br>) Petition By Defendants Honey<br>) Baked Ham, Inc. and Stanley Nix<br>) To Compel Arbitration<br>)<br>) Date: April 12, 2004<br>) Time: 10:30 a.m.<br>) Ctrm: 13<br>)<br>) |

Declaration of Richard Gore

I, Richard Gore, declare and state:

1. The facts set forth herein are within my personal, firsthand knowledge. If called as a witness, I could and would competently testify thereto.

2. I am the Vice-President of Honey Baked Ham, Inc. ("HBH").

3. As stated in the Declaration that I signed on March 8, 2004, I am the individual who has overseen the implementation of arbitration provisions in HBH's agreements with its employees. Exhibit "D" in the Supplemental Exhibit Index is a true and correct copy of a memo dated December 21, 1998 that was sent from me to all HBH store managers. Fontella Hill was one of HBH's store managers in December 1998. As such, she was one of the recipients of Exhibit "D".

4. Exhibit "E" in the Supplemental Exhibit Index is a true and correct copy of a memo dated June 18, 2003 that was sent from me to all HBH employees concerning HBH's updated version of its Employment Agreement and Arbitration Provision. Exhibit "F" in the Supplemental Exhibit Index is a true and correct copy of a memo dated June 20, 2003 that was sent from me to all HBH store managers. Ms. Hill was responsible for the management of an HBH store in June 2003. For that reason, she was one of the recipients of Exhibit "F".

5. Exhibits "G" and "H" in the Supplemental Exhibit Index are true and correct copies of two documents titled "Employment Agreement and Arbitration Provision", both hand dated 6/27/03, that were signed by employees who worked in HBH's Chula Vista store. Exhibits "E" and "F" were both counter-executed by Ms. Hill, on

2

//

behalf of HBH, in her capacity as the manager with responsibility for HBH's Chula Vista store.

6. Ms. Hill did not execute and return a personal copy of the updated version of the Employment Agreement and Arbitration Provision provided to her in June 2003. Ms. Hill was not terminated or subjected to any adverse action based upon her conduct in that regard.

7. From December 1998, until the date Ms. Hill last rendered services to HBH in late 2003, I never once received a communication of any kind from Ms. Hill posing any question, asking for any clarification or expressing any disagreement with HBH's arbitration policy.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Dated this _30_ day of March, 2004 at Irvine, California.

Richard Gore

3

Harris E. Kershnar
State Bar Number 84613
17592 Irvine Boulevard
Tustin, CA 92780-3105
(714) 730-5300 Facsimile (714) 730-0337

Attorney For Defendants Honey Baked Ham,
Inc. and Stanley Nix

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FONTELLA HILL, | ) Case No. 04 CV 0461 IEG (JFS) |
| Plaintiff, | ) |
| v. | ) Declaration By Stan Nix In<br>) Support Of Petition By<br>) Defendants Honey Baked Ham, Inc. |
| HONEY BAKED HAM, INC., a | ) and Stanley Nix To Compel |
| California Corporation; STANLEY | ) Arbitration |
| NIX, and DOES 1-50, inclusive, | )<br>) Date: April 12, 2004 |
| Defendants. | ) Time: 10:30 a.m.<br>) Ctrm: 13 |
|  | ) |

Declaration of Stan Nix

I, Stan Nix, declare and state:

1. The facts set forth herein are within my personal, firsthand knowledge. If called as a witness, I could and would competently testify thereto.

1

2. I am the Director of Operations of Honey Baked Ham, Inc. ("HBH").

3. In or about December 1998 I was involved with the distribution of various HBH standard form agreements to HBH managers including, but not limited to, Ms. Fontella Hill. In her capacity as an HBH manager, Ms. Hill, in turn, distributed various HBH standard form agreements to hourly personnel working at the HBH store that she managed.

4. Ms. Hill never communicated to me that she did not understand the HBH "Express At-Will Employment Contract And Binding Arbitration Agreement" ("the Arbitration Agreement"). Ms. Hill never asked me for any explanation or clarification of any provision in the Arbitration Agreement. Ms. Hill never communicated to me that she lacked a sufficient understanding of the Arbitration Agreement such that she was unable to counter-execute such forms on behalf of HBH after they had been signed by employees working her supervision. Ms. Hill never communicated to me any counter-proposal to HBH's Arbitration Agreement nor did she ever communicate to me that she wished to enter into negotiations with HBH regarding the Arbitration Agreement.

5. I never told Ms. Hill that if she refused to sign the Arbitration Agreement she would no longer have a position at HBH. I did not say or do anything to communicate to Ms. Hill that if she

2

declined to sign the Arbitration Agreement that her employment by HBH would be terminated.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Dated this 30TH day of March, 2004 at Irvine, California.

Stan Nix

*Stan Nix*

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 17592 Irvine Boulevard, Tustin, California, 92780. On March 31, 2004 I served on all interested parties in this action the foregoing document described as Reply By Defendants Honey Baked Ham, Inc. And Stanley Nix In Support Of Petition To Compel Arbitration.

[ ]    by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list.

[X ]    by placing [ ] the original [ ] a true copy thereof enclosed in (a) sealed envelope(s) addressed as follows:

Ali Razi, Esq.
Razi and Associates
450 "B" Street
San Diego, CA 92101

[X ]    BY MAIL:

[ X ]    I deposited each such envelope in the mail at Tustin, California, with postage thereon fully prepaid.

[ ]    I deposited each such envelope in UPS Next Day Air at Tustin, California.

[ ]    I caused each such envelope to be deposited in the mail at Tustin, California, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service with postage thereon fully prepaid on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]    BY PERSONAL SERVICE. I caused such envelope to be delivered by hand to the offices of the addressee.

Executed this 31st day of March 2004, at Tustin, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Harris E. Kershnar