















JAH   4/5/04   10:14
3:04-CV-00461   HILL V. HONEY BAKED HAM INC
*12*
*EXH.*

1  Harris E. Kershnar
   State Bar Number 84613
2  17592 Irvine Boulevard
   Tustin, CA 92780-3105
3  (714) 730-5300 Facsimile (714) 730-0337

F I L E D

04 APR -2 AM 8: 40

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4  Attorney For Defendants Honey Baked Ham,
   Inc. and Stanley Nix

BY: $\delta \sim W$  DEPUTY

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

12  FONTELLA HILL,                    ) Case No. 04 CV 0461 IEG (JFS)
                                      )
13          Plaintiff,                )
                                      ) Supplementary Exhibit Index In
14      v.                            ) Support Of Petition By
                                      ) Defendants Honey Baked Ham, Inc.
15  HONEY BAKED HAM, INC., a          ) and Stanley Nix To Compel
                                      ) Arbitration
16  California Corporation; STANLEY   )
                                      )
17  NIX, and DOES 1-50, inclusive,    )
                                      ) Date: April 12, 2004
18          Defendants.               ) Time: 10:30 a.m.
                                      ) Ctrm: 13
19                                    )
                                      )
20  _____ )

21      For the convenience of the Court and counsel, Defendants Honey

22  Baked Ham, Inc. and Stanley Nix have prepared this Supplementary

23  Exhibit Index and are submitting it concurrently with the filing of

24  their Reply In Support Of Petition To Compel Arbitration.

26  The following exhibits are attached hereto:

CR

1

Supp. Exhibit Index          04 CV 0461 IEG (JFS)

12

D. Memo dated December 21, 1998 from Richard Gore to Store Managers.

E. Memo dated June 18, 2003 from Richard Gore to All Employees.

F. Memo dated June 20, 2003 from Richard Gore to All Store Managers.

G. Employment Agreement And Arbitration Provision hand dated 6/27/03 signed by an HBH employee and counter-signed by Plaintiff Hill on behalf of HBH.

H. Employment Agreement And Arbitration Provision hand dated 6/27/03 signed by an HBH employee and counter-signed by Plaintiff Hill on behalf of HBH. [Ex. G and Ex. H pertain to different employees.]

Dated: March _30_, 2004       By: _H.E. Kershnar_

Harris E. Kershnar
Attorney for Defendants
Honey Baked Ham, Inc. and
Stanley Nix

2



# THE HONEYBAKED HAM
## C O M P A N Y

# M E M O R A N D U M

**TO: STORE MANAGERS**

**FROM: RICHARD GORE**

**DATE: DECEMBER 21, 1998**

**RE: NON-HARASSMENT POLICY**

Enclosed you will find a laminated copy of HoneyBaked's non-harassment policy. Please post this in a place so that all employees may view it.

Also, you will find a revised Express At-Will Employment Contract and Binding Arbitration Agreement. This has recently been revised, so all employees, including managers will need to sign a new one. Please fax a copy of all employees (including managers) after they have been signed. The original of the store employees should go in their employee file. All managers should mail their original to corporate to be put in your employee file.

You will also find a Seasonal Employee Agreement and Arbitration Provision. This should be signed by seasonal employees in addition to the At-Will Agreement. This should also be faxed to corporate and the original placed in the employee file.

If you have any questions please contact your District Manager.

Thank you.





# THE
# HONEYBAKED HAM
## C O M P A N Y.

**To:**   All Employees

**From:**   Richard Gore

**Date:**   6/18/2003

**Re:**   Employee Agreement

On an ongoing basis, Honey Baked Ham, Inc. ["HBH"] strives to make certain that its policies, procedures and agreements are in accordance with applicable law. From time to time, changes occur in the applicable law.  In order to insure that its Employee Agreement and Arbitration Provision ("the Agreement") is up to date, HBH has prepared an updated version of that Agreement that takes account of the changes that have occurred in the applicable law.

Please sign and return the Agreement to signify that you have received it, agreed to it and understand that is supersedes, modifies and amends the provisions of any former agreements that you previously entered into with HBH.

Thank you for your anticipated prompt attention to this matter.

1

"E"

4

# THE
# HONEYBAKED HAM
## C O M P A N Y.

**To:**   All Store Managers

**From:**   Richard Gore

**Date:**   6/20/2003

**Re:**   Employee Agreement

---

Enclosed you will find new Employee Agreements. Please distribute this to all of your employees. Once an employee has signed and returned the agreement to you, please fax a copy to the corporate office at 949-767-5822. The original should be kept in the employee's file at your store. In the future, when you have a new employee, the agreement should also be faxed at the time of hire.

All employee agreements should be signed and faxed by July 15, 2003.

Thank you for your assistance.

l

"F"
5

*Kevin Mathiesen*
*CV*

## Employee Agreement And Arbitration Provision

I _____*Kevin Mathiesen*_____, acknowledge and agree, that like all employees of Honey Baked Ham, Inc. ("HBH"), my employment is at-will. This means that my employment may be terminated, by me or by HBH, with or without cause, with or without advance notice, for any reason or without any specific reason. This Employee Agreement and Arbitration Provision ("the Agreement") is a final and complete integrated expression of the grounds for termination. No employee or officer of HBH, other than the President, has any authority to enter into any agreement, express or implied, either for employment for any specified period of time or requiring cause for termination. Any such agreement by the President must be in writing and must specifically state the President's intent to override the "at-will" relationship provided for in this Agreement and in HBH's policies.

HBH and I agree that any controversy or claim asserted by HBH against me, or by me against HBH (or its officers, agents, or employees), arising from or relating to this Agreement, my employment, or the termination thereof, including, but not limited to, all claims and disputes (whether classified as contract, discrimination, tort, public policy, common law or statutory and whether arising under federal, state or local law) shall be resolved by binding arbitration in accordance with the then current Employment Dispute Resolution Rules of the American Arbitration Association, with the following modifications: In any arbitration hereunder, the arbitrator shall (i) strictly apply the California Evidence Code, (ii) shall strictly adhere to the terms of this Agreement, (iii) shall render a decision in strict conformity with all applicable state, local and federal law and (iv) shall issue a written decision that reveals, however briefly, the essential findings and conclusions on which the award is based. The Arbitrator shall have no authority to amend, modify, add to or subtract from any provision of this Agreement or to make a decision on any issue not submitted to the Arbitrator. "Discrimination" shall include, but is not limited to, any adverse employment action based upon age, race, sex, disability, sexual harassment, national origin, religion, ancestry, sexual orientation or marital status. HBH shall be responsible for payment of the arbitrator's fees. Nothing in this Agreement shall deprive the Arbitrator of the authority to award any remedy authorized by applicable law. This arbitration provision does not cover claims for Workers' Compensation, claims for Unemployment Insurance Benefits, claims that fall within the jurisdiction of small claims court or any claims where the law prohibits the use of binding arbitration. The parties expressly agree that arbitration decisions hereunder are final and binding, subject only to such review as is authorized by California law following issuance of a binding arbitration award. The existence of this Agreement does not create any substantive rights that, in the absence of this Agreement, would not be judicially cognizable.

Dated:  6/27/03

Date:  _____

Employee's Signature

6/27/03
On behalf of HBH

"G"
6

Mark Cox
CV

# Employee Agreement And Arbitration Provision

I Mark_____, acknowledge and agree, that like all employees of Honey
Baked Ham, Inc. ("HBH"), my employment is at-will. This means that my employment
may be terminated, by me or by HBH, with or without cause, with or without advance
notice, for any reason or without any specific reason. This Employee Agreement and
Arbitration Provision ("the Agreement") is a final and complete integrated expression of the
grounds for termination. No employee or officer of HBH, other than the President, has any
authority to enter into any agreement, express or implied, either for employment for any
specified period of time or requiring cause for termination. Any such agreement by the
President must be in writing and must specifically state the President's intent to override the
"at-will" relationship provided for in this Agreement and in HBH's policies.

HBH and I agree that any controversy or claim asserted by HBH against me, or by me
against HBH (or its officers, agents, or employees), arising from or relating to this
Agreement, my employment, or the termination thereof, including, but not limited to, all
claims and disputes (whether classified as contract, discrimination, tort, public policy,
common law or statutory and whether arising under federal, state or local law) shall be
resolved by binding arbitration in accordance with the then current Employment Dispute
Resolution Rules of the American Arbitration Association, with the following
modifications: In any arbitration hereunder, the arbitrator shall (i) strictly apply the
California Evidence Code, (ii) shall strictly adhere to the terms of this Agreement, (iii) shall
render a decision in strict conformity with all applicable state, local and federal law and (iv)
shall issue a written decision that reveals, however briefly, the essential findings and
conclusions on which the award is based. The Arbitrator shall have no authority to amend,
modify, add to or subtract from any provision of this Agreement or to make a decision on
any issue not submitted to the Arbitrator. "Discrimination" shall include, but is not limited
to, any adverse employment action based upon age, race, sex, disability, sexual harassment,
national origin, religion, ancestry, sexual orientation or marital status. HBH shall be
responsible for payment of the arbitrator's fees. Nothing in this Agreement shall deprive the
Arbitrator of the authority to award any remedy authorized by applicable law. This
arbitration provision does not cover claims for Workers' Compensation, claims for
Unemployment Insurance Benefits, claims that fall within the jurisdiction of small claims
court or any claims where the law prohibits the use of binding arbitration. The parties
expressly agree that arbitration decisions hereunder are final and binding, subject only to
such review as is authorized by California law following issuance of a binding arbitration
award. The existence of this Agreement does not create any substantive right; that, in the
absence of this Agreement, would not be judicially cognizable.

Dated: 6-27-03        Mark Cox
                      Employee's Signature

Date: 6/27/03         J. Hill
                      On behalf of HBH

"H"
7

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 17592 Irvine Boulevard, Tustin, California, 92780. On March 31, 2004 I served on all interested parties in this action the foregoing document described as Supplementary Exhibit Index In Support Of Petition By Defendants Honey Baked Ham, Inc. And Stanley Nix To Compel Arbitration.

[ ]    by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list.

[X ]    by placing [ ] the original [ ] a true copy thereof enclosed in (a) sealed envelope(s) addressed as follows:

> Ali Razi, Esq.
> Razi and Associates
> 450 "B" Street
> San Diego, CA 92101

[X ]    BY MAIL:

    [ X ]    I deposited each such envelope in the mail at Tustin, California, with postage thereon fully prepaid.

    [ ]    I deposited each such envelope in UPS Next Day Air at Tustin, California.

    [ ]    I caused each such envelope to be deposited in the mail at Tustin, California, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service with postage thereon fully prepaid on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

[ ]    BY PERSONAL SERVICE. I caused such envelope to be delivered by hand to the offices of the addressee.

Executed this 31st day of March 2004, at Tustin, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Harris E. Kershnar