















JAH   4/26/04   9:28
3:04-CV-00461   HILL V. HONEY BAKED HAM INC
*16*
*AMDCMP.*

1  Ali Razi, Bar No. 194013
   Bank of America Plaza
2  RAZI AND ASSOCIATES
   450 B Street, Suite 780
3  San Diego, California  92101
   Telephone:  (619) 234-2347

4
   Attorneys for Plaintiff FONTELLA HILL
5



FILED

04 APR 23 AM 10:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

6

7

8            UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11                                    FIRST AMENDED COMPLAINT
   FONTELLA HILL,
12                                    Case No. 04-CV-0461 IEG(JFS)
           Plaintiff,
13                                    COMPLAINT FOR DEFAMATION;
                                      WRONGFUL TERMINATION IN
14                                    VIOLATION OF PUBLIC POLICY
                                      UNDER CFRA; WRONGFUL
15      v.                            TERMINATION IN VIOLATION OF
                                      PUBLIC POLICY UNDER ADA;
16                                    WRONGFUL TERMINATION IN
                                      VIOLATION OF PUBLIC POLICY
17                                    UNDER FEHA; CONTINUING
   HONEY BAKED HAM, INC., a           DISABILITY DISCRIMINATION;
18 California Corporation; STANLEY    CONTINUING DISABILITY
   NIX, and DOES 1-50, inclusive,    HARASSMENT; CONTINUING
19                                    FAILURE TO ACCOMMODATE A
                                      DISABILITY; CONTINUING SEX
20         Defendants.                DISCRIMINATION; CONVERSION;
                                      SEXUAL HARASSMENT; BREACH OF
21                                    COVENANT OF GOOD FAITH AND
                                      FAIR DEALING; INTENTIONAL
22                                    AND/OR NEGLIGENT INFLICTION
                                      OF EMOTIONAL DISTRESS.
23
                                      JURY TRIAL DEMANDED
24

25      Plaintiff complains and alleges as follows:

26      1.   Plaintiff FONTELLA HILL is, and at all times relevant

27 hereto has been, a resident of the State of California, County of

28 San Diego.

2.    Plaintiff is informed and believes and thereby alleges
that Defendant HONEY BAKED HAM, INC. is, and at all times
relevant hereto has been, a corporation organized and existing
under and by virtue of the laws of the State of California,
qualified to do business in California, with a business branches
located in the County of San Diego.

3.    The true names and capacities of the Defendants named
herein as DOES 1 through 50, inclusive, whether individual,
corporate, associate, or otherwise, are unknown to Plaintiff who
therefore sues such Defendants by fictitious names pursuant to
California Code of Civil Procedure Section 474.  Plaintiff is
informed and believes that Doe Defendants are California
residents.  Plaintiff will amend this complaint to show such true
names and capacities when they have been determined.

4.    Plaintiff is informed and believes, and thereby
alleges, that each of the Defendants herein was at all times
relevant hereto the agent, employee, or representative of the
remaining Defendants and was acting at least in part within the
scope of such relationship.


**FACTS COMMON TO ALL CAUSES OF ACTION**

5.    Fontella Hill is a 46 year old female, who began
working for Honey Baked Ham, Inc., in San Diego approximately 14
and half years ago in 1989. Ms. Hill was hired as  a clerk at the
very bottom of the company. Ms. Hill throughout the years showed
great devotion to her job, and received exemplary performance
reviews from her supervisors. Due to her dedication to Honey
Baked Ham, Ms. Hill was promoted repeatedly to various positions,

2

1 becoming a Manager and finally the highest ranking and the only

2 female Assistant District Manager in the entire company. See

3 Exhibit A. Ms. Hill worked out of the Chula Vista store.

4     6. Ms. Hill's immediate supervisor, Stanley Nix, Honey

5 Baked Ham District Manager, in her very last performance review,

6 stated that Ms. Hill is an exemplary employee worthy of

7 promotion, and that the level of "stress" in the Chula Vista

8 store is less than elsewhere due to Ms. Hills attentiveness to

9 her assignments.

10     7. Ms. Hill has suffered from various nervous break downs

11 during her many years of employment with Honey Baked Ham. This

12 medical condition was caused by the stress of her employment with

13 Honey Baked Ham. She received medical treatment and was

14 hospitalized several times as a result. Nonetheless, Ms. Hill

15 never allowed her medical condition to impede her work and, as

16 documented by the Company, she was so meticulous with the

17 execution of her store duties, that although she was suffering

18 from anxiety and panic attacks from her work, she managed to

19 bring the overall store stress level down. This is documented in

20 part on her performance reviews and in part on her medical

21 records. Her condition was known to her supervisor and coworkers.

22     8. In November 2003, Ms. Hill began to suffer increasingly

23 from severe panic attacks and her added duties worsened the

24 condition to the point that she had to seek medical attention.

25 Her psychiatrist and her physician stated that she could not go

26 back to work until her condition improved. She informed her

27 supervisor of her physician's order. Ms. Hill worked as many days

28 as possible in November until she had to take a medical leave on

3

November 8, 2003, informing her supervisor that her physician ordered her not to work until she recovered. Her Psychiatrist Dr. Pam Road, and Dr. Cook, finally placed Ms. Hill on State Disability on November 12, 2003. Again, Ms. Hill notified her supervisor of the situation and that temporarily, until she recovered, she would not be able to come to work and that she needed time off.

9.  On November 19, 2003, Stanley Nix, Director of Operations and District Manager, and Ms. Hill's immediate supervisor, called Ms. Hill's residence and told Ms. Hill's significant other that Ms. Hill was fired.  Asked why, he stated that Ms. Hill had been embezzling from the Company, doctoring documents by "double ringing".  The Company has an incentive program that provides for bonuses for the store with the most sales. Stanley Nix accused Ms. Hill of double ringing in order to win the bonus. He further added, "we can do this the hard way or the easy way, to what address should I send her last pay check."

10.  Ms. Hill had never engaged in any "double ringing."  In fact, Ms. Hill had in the past addressed this very same problem of employees double ringing to her supervisor. However, nothing was ever done about it by Honey Baked Ham. Ms. Hill has always had high sales and in fact, Stanley Nix used to send her to other stores to train managers in order to increase their sales, however, she never engaged in double ringing.

11.  The documents that Stanley Nix states were manipulated to show double ringing were never in Ms. Hill's possession, but rather under the control of the store manager, Mark Cox and his assistant manger Rebecca Sparks.  Ms. Hill, due to her many

4

assignments, was always traveling for her work, going from Chula
Vista to Ventura, Santa Barbara, and elsewhere, while at the same
time handling the overall managerial needs of the Chula Vista
store. Ms. Hill did not have access to the documents to falsify
them.

12. Stanley Nix, Director of Operations and District
Manager, knew that Ms. Hill was out of the store a substantial
amount of time because he praised her in her performance review
for delegating duties to her subordinates.

13. Mr. Mark Cox, another manager told Ms. Hill that
Stanley Nix had a private talk with him and stated "you should
know what is good for your future with Honey Baked Ham. Didn't
Ms. Hill falsify the documents?" Mr. Cox stated that Mr. Nix made
it clear he was supposed to agree with Mr. Nix's statement and
that he was intimidated into going along with Mr. Nix's version
of the story.

A month after Plaintiff's termination, Plaintiff was
informed that Stanley Nix stated that Plaintiff was fired for
having sex with Mark Cox in the store attic. Mark Cox is still
employed at Honey Baked Ham, Inc. Months before Ms. Hill's
termination, Stanley Nix had stated to Ms. Hill that Mark Cox was
having sex with the Assistant Manager, Rebecca Sparks. As a
matter of fact, the Chula Vista store has a bed and sleeping bags
in its attic and employees do in fact regularly have sex there.
This is a fact known to Stanley Nix, and also, one that Ms. Hill
had complained about to him many times before.

14. Stanley Nix has recently threatened employees that they
will lose their jobs should any information be provided to or in

5

favor of Ms. Hill regarding Mark Cox which could illuminate the circumstances surrounding her termination.

15. In January 2003, Ms. Hill was sent to Ventura and Santa Barbara on an assignment for the company. While there, the Manager of the Ventura store periodically made unwelcome sexual passes at Ms. Hill. He insisted on coming to Ms. Hill's motel room. He later offered to get her a room near the Ventura store. Ms. Hill rebuffed his sexual advances but felt intimidated because she had to maintain a working relationship with this Manager. Ms. Hill reported these problems on three different occasion to Stanley Nix. Stanley Nix never did anything to stop these sexual advances. In Ms. Hill's experience, promiscuous sexual behavior and sexual harassment was rampant throughout the Company and never disciplined or addressed. The Company even refused to address the fact that employees were having sex in the store. This sort of behavior was especially evident during a 3 day seminar that Ms. Hill attended out of town. Ms. Hill did not know where else to turn to address or correct this continuing problem without being retaliated against. Honey Baked Ham, Inc., finally terminated her under false pretenses and is now spreading false rumors that she was terminated for being sexually promiscuous at store.

16. Ms. Hill did not receive her last paycheck until weeks after her termination.

17. Honey Baked Ham, Inc. also froze Ms. Hill's 401(k) for weeks after her termination, and regardless of numerous requests by Ms. Hill and her attorney, Honey Baked Ham, Inc. refused her access to her retirement, leaving Ms. Hill who was on a medical

6

leave, without a job, and without her savings. Upon termination
of Ms. Hill, a non-disabled male employee immediately replaced
her in the company.

## FIRST CAUSE OF ACTION

**(Defamation Against Defendants Honey Baked Ham, Inc.; Stanley
Nix; and DOES 1-50, inclusive)**

18.   Plaintiff hereby realleges and incorporates by
reference herein, each and every preceding paragraph of this
complaint.

19.   Defendants and each of them, individually and through
their officers, agents, and/or employees acting within the scope
of their employment (although possibly partly outside the scope
of their employment), caused to be published false and
unprivileged communications tending directly to injure Plaintiff
in her general, occupational, trade, business, and professional
reputations and pursuits.  These false statements included, but
are not limited to stating that Plaintiff was fired due to fraud
and engaged in promiscuous sexual behavior.  These statements
were known to be false and unsubstantiated.  These false
statements were published to others inside and outside HONEY
BAKED HAM, INC. who took it to mean that Plaintiff had been
terminated for such reasons and had committed such acts, and
these statements have injured Plaintiff in her general,
occupational, trade, business and professional reputations and
pursuits.

20.   The statements stated above were published by
Defendants, and each of them, with knowledge of their falsity,

1 and/or without an honest belief in their truth and/or without
2 reasonable or probable cause to believe the statements true
3 and/or with a reckless disregard for their truth or falsity.
4 Given the content of the statements stated above and other
5 factors, it was, has been and is reasonably foreseeable to the
6 original authors of the statements that the statements would be
7 republished and repeated.

8 21. Plaintiff had been employed in her occupation for 14
9 years and, until the above described defamation of her, had at
10 all times enjoyed a good reputation both generally and in her
11 occupation.

12 22. The foregoing statements are slanderous and libelous
13 per se in that they tend to injure Plaintiff in her office,
14 profession, trade or business by imputing to her a general
15 disqualification in those respects that the occupation peculiarly
16 requires and/or they have a natural tendency to lessen the
17 profits of Plaintiff's occupation and/or they expose Plaintiff to
18 hatred, contempt, ridicule, or obloquy, or cause her to be
19 shunned or avoided, or have a tendency to injure her in her
20 occupation.

21 23. The statements stated above were published with malice
22 motivated by hatred or ill will towards Plaintiff evidencing an
23 intent or willingness to vex, anger, annoy or injure her and/or
24 with wanton disregard of the civil obligations of Defendants
25 towards Plaintiff and/or with a desire or disposition to injure
26 Plaintiff founded upon hatred, spite, ill will or other improper
27 motive and/or were excessively published and/or were published
28 for an improper purpose and/or were published without an honest

belief in their truth and/or the statements were exaggerated, overblown or colored in a manner which was detrimental to Plaintiff and/or Defendants had a wanton disregard of the consequences, rights or feelings of Plaintiff in making their publications and/or the tenor of Defendants' statements evidence their malice towards her.

24.  Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from all Defendants in an amount according to proof.

25.  As a proximate result of Defendants' defamation of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation, mental anguish and harm to her reputation all to her damage in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION

**(A California Tort Cause of Action for Wrongful Termination in Violation of the Public Policy Underlying California Family Rights Act (CFRA); Gov. Code, § 12945.2 Against Defendants HONEY BAKED HAM, INC.; and DOES 1-50, inclusive)**

26.  Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

27.  A fundamental public policy is embodied in California Government Code section 12945.2 in favor of granting medical

1  leave to employees.

2      28.  Defendants, individually and through their officers,

3  partners, agents, and/or employees acting within the scope of

4  their employment falsely accused Plaintiff of fraud and

5  terminated her employment after she was placed on State

6  Disability.  Said action and the termination of Plaintiff were

7  committed by Defendants in direct violation of fundamental public

8  policies embodied in Government Code section 12945.2 and related

9  provisions of law.

10     29.  As a proximate result of Defendants' wrongful acts

11 against Plaintiff, Plaintiff has suffered and continues to suffer

12 substantial losses in earnings, bonuses, deferred compensation

13 and other employment benefits.  Plaintiff has suffered and

14 continuous to suffer embarrassment, humiliation and mental

15 anguish all to her damage in an amount according to proof.

16     30.  Defendants committed the acts alleged herein

17 maliciously, fraudulently and oppressively, with the wrongful

18 intention of injuring Plaintiff, from an improper and evil motive

19 amounting to malice, and in conscious disregard of Plaintiff's

20 rights.  Plaintiff is thus entitled to recover punitive damages

21 from Defendants in an amount according to proof.

22                        **THIRD CAUSE OF ACTION**

23  **(A California Tort Cause of Action for Wrongful Termination in
        Violation of the Public Policy Underlying American with**
24  **Disabilities Act of 1990 (ADA) Against Defendants HONEY BAKED
                HAM, INC.; and DOES 1-50, inclusive)**
25
        31.  Plaintiff hereby realleges and incorporates by
26
    reference herein each and every preceding paragraph of this
27
    complaint.
28

                                  10

1   32. A fundamental public policy is embodied in Americans

2   with Disabilities Act of 1990, and under USC sections 12101-12213

3   in favor of protecting the employment of disabled employees.

4   33. Defendants, individually and through their officers,

5   partners, agents, and/or employees acting within the scope of

6   their employment knowingly and falsely accused Plaintiff of fraud

7   and wrongfully terminated her employment after she was placed on

8   State Disability and because she was disabled. Said action and

9   the termination of Plaintiff were committed by Defendants in

10  direct violation of fundamental public policies embodied under

11  USC sections 12101-12213 and related provisions of law.

12  34. As a proximate result of Defendants' wrongful acts

13  against Plaintiff, Plaintiff has suffered and continues to suffer

14  substantial losses in earnings, bonuses, deferred compensation

15  and other employment benefits. Plaintiff has suffered and

16  continuous to suffer embarrassment, humiliation and mental

17  anguish all to her damage in an amount according to proof.

18  35. Defendants committed the acts alleged herein

19  maliciously, fraudulently and oppressively, with the wrongful

20  intention of injuring Plaintiff, from an improper and evil motive

21  amounting to malice, and in conscious disregard of Plaintiff's

22  rights. Plaintiff is thus entitled to recover punitive damages

23  from Defendants in an amount according to proof.

24  **FOURTH CAUSE OF ACTION**

25  **(A California Tort Cause of Action for Wrongful Termination in
    Violation of the Public Policy Underlying Fair Employment and**

26  **Housing Act; Gov. Code, § 12940(a) Against Defendants HONEY BAKED
    HAM, INC.; and DOES 1-50, inclusive)**

27  36. Plaintiff hereby realleges and incorporates by

28

11

1 reference herein each and every preceding paragraph of this
2 complaint.

3     37. A fundamental public policy is embodied in Fair
4 Employment and Housing Act, and under Government Code § 12940(a)
5 in favor of prohibiting employment discrimination against anyone
6 with a physical disability, mental disability, or certain medical
7 conditions, when the person is otherwise qualified to hold the
8 position.

9     38. Defendants, individually and through their officers,
10 partners, agents, and/or employees acting within the scope of
11 their employment knowingly and falsely accused Plaintiff of fraud
12 and wrongfully terminated her employment after she was placed on
13 State Disability and because she was disabled and/or as a direct
14 result of her medical condition. Said action and the termination
15 of Plaintiff were committed by Defendants in direct violation of
16 the fundamental public policies embodied in the Fair Employment
17 and Housing Act and Government Code § 12940(a) and related
18 provisions of law.

19     39. As a proximate result of Defendants' wrongful acts
20 against Plaintiff, Plaintiff has suffered and continues to suffer
21 substantial losses in earnings, bonuses, deferred compensation
22 and other employment benefits. Plaintiff has suffered and
23 continuous to suffer embarrassment, humiliation and mental
24 anguish all to her damage in an amount according to proof.

25     40. Defendants committed the acts alleged herein
26 maliciously, fraudulently and oppressively, with the wrongful
27 intention of injuring Plaintiff, from an improper and evil motive
28 amounting to malice, and in conscious disregard of Plaintiff's

1  rights.  Plaintiff is thus entitled to recover punitive damages

2  from Defendants in an amount according to proof.

3  **FIFTH CAUSE OF ACTION**

4  **(Continuing Disability Discrimination Against HONEY BAKED HAM,**

5  **INC.; and DOES 1-50, inclusive; Cal. Gov. Code, § 12941, et seq)**

6

7      41.  Plaintiff hereby realleges and incorporates by

8  reference herein each and every preceding paragraph of this

9  complaint.

10     42.  Plaintiff was at all times material hereto, an employee

11 covered by California Government Code section 12940 prohibiting

12 discrimination in employment on the basis of disabilities.

13     43. Defendants were and are at all times material hereto,

14 employers within the meaning of California Government Code §

15 12926(c) and, as such, is barred from discriminating in

16 employment decisions on the basis of disabilities as set forth in

17 California Government Code section 12940.

18     44. Plaintiff has and had a disability which has affected

19 and limited her activities of daily living.  Plaintiff's

20 condition is a disability within the meaning of California

21 Government Code section 12940.  Furthermore, defendants have at

22 all times relevant hereto regarded plaintiff as having a

23 disability within the meaning of California Government Code

24 §12940, and he has a record of having a disability within the

25 meaning of California Government Code section 12940.

26     45. Defendants have continually discriminated against

27 Plaintiff on the basis of her disability in violation California

28 Government Code section 12940 by continuously engaging in a

13

1 course of conduct that included, but is not limited to, at least

2 some of the acts described above.

3 46. Plaintiff filed timely charges of continuing disability

4 discrimination with the California Department of Fair Employment

5 and Housing and received notice of the right to sue pursuant to

6 California Government Code section 12965(b) permitting Plaintiff

7 to bring this action. Therefore, Plaintiff has exhausted all of

8 her administrative remedies.

9 47. As a proximate result of Defendants' continuing

10 discrimination against Plaintiff, Plaintiff has suffered and

11 continues to suffer substantial losses incurred in seeking and

12 performing substitute employment and in earnings, bonuses,

13 deferred compensation and other employment benefits and has

14 suffered and continues to suffer embarrassment, humiliation and

15 mental anguish all to her damage in an amount according to proof.

16 48. Defendants committed the acts alleged herein

17 maliciously, fraudulently and oppressively, with the wrongful

18 intention of injuring Plaintiff, from an improper and evil motive

19 amounting to malice, and in conscious disregard of Plaintiff's

20 rights. Plaintiff is thus entitled to recover punitive damages

21 from Defendants in an amount according to proof.

22 49. As a result of Defendants' continuous discriminatory

23 acts as alleged herein, Plaintiff is entitled to reasonable

24 attorneys' fees and costs of said suit as provided by Cal.

25 Government Code § 12965(b).

26 WHEREFORE, Plaintiff requests relief as hereinafter

27 provided.

28 // // //

14

## SIXTH CAUSE OF ACTION

**(Continuing Disability Harassment HONEY BAKED HAM, INC.; and DOES 1-50, inclusive; Cal. Gov. Code, § 12941, _et seq_)**

50.  Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

51.  Plaintiff was at all times material hereto, an employee covered by California Government Code § 12940 prohibiting harassment in employment on the basis of disabilities.

52.  Defendants were and are at all times material hereto, employers within the meaning of California Government Code section 12926(c) and, as such, is barred from harassing employees on the basis of disabilities as set forth in California Government Code section 12940.

53.  Plaintiff has and had a mental disability which has affected and limited her activities of daily living.  Plaintiff's condition is a disability within the meaning of California Government Code §12940.  Furthermore, defendants have at all times relevant hereto regarded plaintiff as having a disability within the meaning of California Government Code §12940, and he has a record of having a disability within the meaning of California Government Code §12940.

54.  Defendants have continuously harassed Plaintiff on the basis of her disability in violation California Government Code section 12940 by continuously engaging in a course of conduct that included, but is not limited to, at least some of the acts described above.

55.  Plaintiff filed timely charges of continuing disability

15

harassment with the California Department of Fair Employment and Housing and received notice of the right to sue pursuant to California Government Code § 12965(b) permitting Plaintiff to bring this action. Therefore, Plaintiff has exhausted all of her administrative remedies.

56. As a proximate result of Defendants' continuing harassment of Plaintiff, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking and performing substitute employment and in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

57. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

58. As a result of Defendants' continuous harassing acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Cal. Government Code § 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION

**(Continuing Denial of Disability Accommodation Against HONEY BAKED HAM, INC.; and DOES 31-80, inclusive; Cal. Gov. Code, § 12940, et Seq)**

59. Plaintiff hereby realleges and incorporates by

reference herein, each and every preceding paragraph of this complaint.

60. Plaintiff was at all times material hereto an employee covered by Cal. Govt. Code § 12940 requiring accommodation of disabilities in employment.

61. Defendants are and at all times material hereto were employers within the meaning of California Government Code section 12926(c) and, as such, required to accommodate employee's disabilities as set forth in California Government Code section 12940.

62. Plaintiff has and had a disability which has affected and limited her activities of daily living. Plaintiff's condition is a disability within the meaning of California Government Code section 12940. Furthermore, defendants have at all times relevant hereto regarded plaintiff as having a disability within the meaning of California Government Code §12940, and have a record of her having a disability within the meaning of California Government Code Section 12940.

63. Defendants failed to accommodate Plaintiff's disability in violation of California Government Code section 12940 by engaging in a course of conduct which included, but is not limited to, at least some of the acts alleged above.

64. Plaintiff filed a timely charge of failure to accommodate disability with the California Department of Fair Employment and Housing and received notices of the right to sue pursuant to Cal. Government Code section 12965(b) permitting Plaintiff to bring this action. Therefore, Plaintiff has exhausted all of her administrative remedies.

65. As a proximate result of Defendants' failure to accommodate Plaintiff's disability, Plaintiff has suffered an continues to suffer substantial losses incurred in seeking and performing substitute employment, and in earnings, bonuses, deferred compensation and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

66. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

67. As a result of Defendants' acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by Cal. Government Code § 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**

**(Sex Discrimination Against HONEY BAKED HAM, INC.; and DOES 1-50, inclusive; Cal. Gov. Code, § 12940, _et seq_)**

68. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

69. Plaintiff was at all times material hereto, an employee covered by California Government Code section 12940(a) and 12940(j)(1), prohibiting discrimination in employment on the basis of sex.

70. Defendants are and at all times material hereto were, employers within the meaning of California Government Code §12926(c) and, as such, barred from discriminating in employment decisions on the basis of sex as set forth in California Government Code section 12940(a) and section 12940(j)(1).

71. Plaintiff is a woman and the only female employee who was made Assistant District Manager. Plaintiff is protected by the sex discrimination provisions of California Government Code section 12940(a) and section 12940(j)(1).

72. Defendant discriminated against Plaintiff in violation of California Government Code section 12940(a) and section 12940(j)(1) by continuously engaging in a course of conduct that included, but is not limited to, at least some of the acts described above.

73. Plaintiff filed timely charges of sex discrimination with the California Department of Fair Employment and Housing and received a notice of the right to sue pursuant to California Government Code § 12965(b) permitting Plaintiff to bring this action. Therefore, Plaintiff has exhausted all of her administrative remedies.

74. As a proximate result of Defendants' discrimination against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits and has suffered, and continues to suffer, embarrassment, humiliation and mental anguish, all to her damage in an amount according to proof.

75. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful

intention of injuring Plaintiff, from an improper and evil motive

amounting to malice, and in conscious disregard of Plaintiff's

rights. Plaintiff is thus entitled to recover punitive damages

from Defendants in an amount according to proof.

76. As a result of Defendants' discriminatory acts as

alleged herein, Plaintiff is entitled to reasonable attorneys'

fees and costs of suit as provided by California Government Code

§ 12965(b).

WHEREFORE, Plaintiff requests relief as hereinafter

provided.

## NINTH CAUSE OF ACTION

**(Conversion; CC 3336 Against HONEY BAKED HAM, INC.; and DOES 1-50, inclusive; Cal. Gov. Code, § 12940, et seq)**

77. Plaintiff hereby realleges and incorporates by

reference herein each and every preceding paragraph of this

complaint.

78. On or about November 19, 2003, plaintiff had the right

to immediate possession of certain personal property consisting

of her 401(k) retirement.

79. On or about February 1, 2004, the property described in

paragraph 68 of this complaint had a reasonable fair market value

of $64,334.05.

80. For several weeks following November 19, 2003 defendant

refused to roll over Plaintiff's 401 (k) or give Plaintiff any

access to it, and converted it to defendant's own use.

81. Between the time of defendant's conversion and the

filing of this action, plaintiff and her attorney made numerous

requests for receiving possession of the said property, and

20

Plaintiff has undergone associated costs in the interim.

82. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## TENTH CAUSE OF ACTION

**(Sexual Harassment Against HONEY BAKED HAM, INC.; and DOES 1-50, inclusive; Cal. Gov. Code, § 12940, _et seq_)**

83. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

84. Plaintiff was at all times material hereto, an employee covered by California Government Code § 12940 prohibiting sexual harassment in employment.

85. Defendants are and at all times material hereto were, employers, or agents of an employer within the meaning of California Government Code §12926(c) and, as such, barred from allowing sexual harassment in the work place as set forth in California Government Code § 12940.

86. Plaintiff is a woman. Plaintiff is protected by the sexual harassment provisions of California Government Code section 12941.

87. Plaintiff was continually sexually harassed in violation of California Government Code § 12940 in that Defendants, with the knowledge of Defendants' agents and managers

1  continually engaged in a course of conduct that included, but is

2  not limited to, at least some of the acts described above.

3      88.  Plaintiff filed timely charges of continuing age

4  harassment with the California Department of Fair Employment and

5  Housing and received a notice of the right to sue pursuant to

6  California Government Code § 12965(b) permitting Plaintiff to

7  bring this action. Therefore, Plaintiff has exhausted all of her

8  administrative remedies.

9      89.  As a proximate result of Defendants' continuing

10  harassment of  Plaintiff, Plaintiff has suffered and continues to

11  suffer substantial losses in earnings, bonuses, deferred

12  compensation, and other employment benefits and has suffered, and

13  continues to suffer, embarrassment, humiliation and mental

14  anguish, all to her damage in an amount according to proof.

15      90.  Defendants committed the acts alleged herein

16  maliciously, fraudulently and oppressively, with the wrongful

17  intention of injuring Plaintiff, from an improper and evil motive

18  amounting to malice, and in conscious disregard of Plaintiff's

19  rights.  Plaintiff is thus entitled to recover punitive damages

20  from Defendants in an amount according to proof.

21      91.  As a result of Defendants' continuous harassing acts as

22  alleged herein, Plaintiff is entitled to reasonable attorneys'

23  fees and costs of suit as provided by California Government Code

24  § 12965(b).

25      WHEREFORE, Plaintiff requests relief as hereinafter

26  provided.

27  // // //

28  // // //

22

## ELEVENTH CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing Against Defendants HONEY BAKED HAM, INC., and DOES 1-50)**

92. Plaintiff hereby realleges and incorporates by reference herein each and every preceding paragraph of this complaint.

93. Plaintiff's employment contract contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff and her performance under this employment contract and to refrain from doing any act which would prevent or impede Plaintiff from performing all the conditions of the contract to be performed by her, or any act that would prevent or impede Plaintiff's enjoyment of the fruits of this contract. Specifically, the covenant of good faith and fair dealing required Defendants to fairly, honestly, and reasonably perform the terms and conditions of the agreement.

94. Plaintiff, as an employee on state disability leave, was terminated from her position. In order to terminate Plaintiffs employment, defendant falsely accused Plaintiff of fraud. In order to terminate Plaintiffs employment, Plaintiff was falsely accused of being sexually promiscuous. After Plaintiff's termination, Plaintiff was not paid her wages timely.

95. Plaintiff is informed and believes that Defendants breached their contract with Plaintiff without conducting any reasonable investigation concerning its obligations under this contract, without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating

Plaintiff's enjoyments of the benefits of the contract.
Accordingly, Defendants breached their implied duty of good faith
and fair dealing. Further, Defendants breached their covenant in
regard to Plaintiff through their conduct in terminating her
employment without cause and for reasons that are unlawful.

96. As a result of Defendants' violations of the implied
covenant of good faith and fair dealing, and their reprehensible
and willful conduct toward Plaintiff, Plaintiff has suffered the
following harm:

a. The destruction of Plaintiff's valuable property
interests, i.e., her prospect of continuing future
employment with Defendants and receipt of continued
compensation;

b. The incurring of reasonable attorneys' fees in her
attempt to obtain the benefits due her under the above
stated employment contract with Defendants; and

c. Substantial losses in earnings, bonuses, deferred
compensation.

### TWELFTH CAUSE OF ACTION

**(Intentional and/or Negligent Infliction of Emotional Distress)**

97. Plaintiff hereby realleges and incorporates by
reference herein each and every preceding paragraph of this
complaint.

98. Defendants, acting on their own and through agents and
employees, engaged in the acts described previously in this
complaint deliberately and intentionally in order to cause
Plaintiff severe emotional distress; alternatively, Plaintiff
alleges that such conduct was done in reckless disregard of the

1 probability of said conduct causing her severe emotional

2 distress.

3     99.  The foregoing conduct did, in fact, cause Plaintiff to

4 suffer extreme and severe emotional distress and as a proximate

5 result of such conduct Plaintiff suffered embarrassment, anxiety,

6 humiliation, and emotional distress and will continue to suffer

7 said emotional distress in an amount in excess of minimum

8 jurisdiction of this court, the precise amount of which will be

9 proven at time of trial.

10     100.  Defendants committed the acts alleged herein

11 maliciously, fraudulently, and oppressively, with the wrongful

12 intention of injuring Plaintiff, and acted with an improper and

13 evil motive amounting to malice in a conscious disregard of

14 Plaintiff's rights.  Because the acts taken towards Plaintiff

15 were carried out by managerial employees acting in despicable,

16 deliberate, cold, callous, and intentional manner in order to

17 injure and damage Plaintiff, she is entitled to recover punitive

18 damages from Defendants in an amount according to proof.

19 // // //

20 // // //

21 // // //

22 // // //

23 // // //

24 // // //

25 // // //

26 // // //

27 // // //

28 // // //

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits;

2. For compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress;

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4. For punitive damages as allowed by law according to proof;

5. For reinstatement of plaintiff to the position from which he was wrongfully terminated or a comparable position in defendant's organization and all benefits attended thereto that would have been afford plaintiff but for said discrimination;

6. For costs of suit including reasonable attorneys fees;

7. For such other and further relief as the Court may deem proper.

RAZI AND ASSOCIATES

DATED: April 22, 2004          By: _____

ALI RAZI, Attorney for
Plaintiff FONTELLA HILL

26

1 | FONTELLA HILL V. HONEY BAKED HAM, INC. CASE #: 04 CV 0461 IEG (JFS)

2 | **PROOF OF SERVICE**

I am employed in the County of San Diego, State of California over
3 | the age of eighteen years, and not a party to the within action.
My business address is 450 B Street, Suite 780, San Diego, Ca 92101.
4 | On the date set below, I served the foregoing
[ ] original [x] true copies of the document (s) on the interested
5 | parties in this action.

6 | **1. First amended complaint.**

7

8

by placing the document (s) listed above in a sealed
9 | envelope with postage thereon fully prepaid, in the United
States Mail at San Diego, California, addressed as set forth
10 | below.

11 | by causing personal delivery by_____ of
the document (s) listed above to the person (s) at the
12 | address (es) set forth below.

13

**Harris E. Kershnar, Esq.**
14 | **17592 Irvine Boulevard**
**Tustin, CA 92780-3105**

15 | I am readily familiar with the firm's practice of collection and
16 | processing correspondence for mailing. Under that practice it would
be deposited with U.S. postal service on that same day with postage
17 | thereon fully prepaid in the ordinary course of business. I am
aware that on motion of the party serve, service is presumed invalid
18 | if postal cancellation date or postage meter date is more that one
day after date of deposit for mailing in affidavit.

19

20 | (State) I declare under penalty of perjury under the state
21 | of California that the above is true and correct.

22 | (Federal) I declare that I am employed in the office of a
member of the bar of this court at whose direction the
23 | service was made.

24 | Executed on April 23, 2004 at San Diego, California.

25

26 | Kim L. Berch

27

28

POS.2